UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
-----------------------------------------------------------)
SARECE MITCHELL,                                           )
                                                           )
                              Plaintiff,                   )      Case No.:      1:15-cv-5316
            -against-                                      )
                                                           )
STARBUCKS CORPORATION,                                     )
                                                           )
                              Defendant.                   )
-----------------------------------------------------------)
```

Plaintiff SARECE MITCHELL, by her attorneys MORELLI RATNER LAW FIRM LLC and SIMMONS HANLY CONROY, complaining of the Defendant herein, upon information and belief respectfully alleges as follows:

**<u>PARTIES</u>**

1.      At all times relevant herein, Plaintiff SARECE MITCHELL was a resident of Cook County, State of Illinois, and a citizen of the State of Illinois.

2.      Commencing on or about February 27, 2012, until her constructive discharge on or about December 27, 2013, Plaintiff SARECE MITCHELL was employed by Defendant STARBUCKS CORPORATION as a barista and worked at its Hanover Park, Illinois and West Dundee, Illinois stores during her tenure.

3.      At all times relevant herein, Defendant STARBUCKS CORPORATION was and is a leading coffee retailer and Fortune 500 Company that operates more than 19,000 retail stores in over 60 countries and employs in excess of 150,000 people.  Defendant STARBUCKS CORPORATION is a corporation organized and existing under the laws of the State of Washington.  Its corporate headquarters are located in Seattle, Washington.

4.      At all times relevant herein, Defendant STARBUCKS CORPORATION was a corporation duly registered to conduct business in the State of Illinois, was conducting business in the State of Illinois, and continues to transact business in the State of Illinois, including Cook County, Illinois.

## JURISDICTION AND VENUE

5.      Jurisdiction of the subject matter of this action is established in this Court under Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 of the United States Code, as amended, 42 U.S.C. §§ 2000e-2 and 2000e-5(f), and 775 ILCS 5/2-101 *et seq.* of the Illinois Human Rights Act ("IHRA").  Plaintiff properly and timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights against Defendant STARBUCKS CORPORATION for sexual harassment, retaliation, and gender discrimination in violation of Title VII and the IHRA.  Plaintiff received her Notice of Right-to-Sue from the EEOC on or about March 30, 2015.  This Complaint, therefore, is filed within the ninety (90) day period allowed by law for such filing.  This District is the proper venue for this action under Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 of the United States Code, Section 2000 *et seq.* in that unlawful acts alleged herein were committed within this Court's jurisdiction, and the amount in controversy exceeds the jurisdictional requisite.

6.      Jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§ 451, 1331, and 1337, and 1343.  Jurisdiction is also proper pursuant to 28 U.S.C. § 1367(a).

7.      Jurisdiction is also proper in this Court pursuant to 28 U.S.C. 1332(a)(1) as the amount in controversy exceeds the sum of $75,000.00 and the matter in controversy is between the citizens of different states.

2

## GENERAL ALLEGATIONS

8.      On or about February 27, 2012, Plaintiff SARECE MITCHELL commenced her employment with Defendant STARBUCKS CORPORATION as a barista at the Hanover Park store located at 1788 West Lake Street, Hanover Park, Illinois 60133.  During that time, Plaintiff SARECE MITCHELL's direct supervisors were Shift Supervisor Brittany Carter, Manager Jessica Farkas, Manager Ashley Bay, and Assistant Store Manager Ross DuPaw.  Paul Overly was the District Manager for the Hanover Park store.  In or about November 2013, Plaintiff transferred to Defendant STARBUCKS CORPORATION's West Dundee store.  Plaintiff's Manager at the West Dundee store was Alex Palcynski.

9.      At all times relevant herein, Shift Supervisor Brittany Carter, Manager Jessica Farkas, Manager Ashley Bay, Assistant Store Manager Ross DuPaw, District Manager Paul Overly, and Manager Alex Palcynski were employees of Defendant STARBUCKS CORPORATION.

10.      At all times relevant herein, Plaintiff's co-worker Daniel James ("DJ") Ostrowski was an employee of Defendant STARBUCKS CORPORATION.

11.      At all times relevant herein, Partner Resources Representative Jill Holloway was an employee of Defendant STARBUCKS CORPORATION.

12.      At all relevant times herein, Business Ethics and Compliance Representative Naheed Nazim was an employee of Defendant STARBUCKS CORPORATION.

13.      At all times relevant herein, the individual officers, directors, executives, managers, supervisors, employees and/or agents mentioned herein, acted within the scope of their duties as officers, directors, executives, managers, supervisors, employees and/or agents of Defendant STARBUCKS CORPORATION.

14.     This lawsuit arises out of gender discrimination, sexual harassment, a sexually hostile work environment, and retaliation that Plaintiff SARECE MITCHELL endured while employed with Defendant STARBUCKS CORPORATION, leading to her constructive discharge on or about December 27, 2013.  Moreover, this lawsuit arises out of a wrongful scheme by Defendant STARBUCKS CORPORATION to harass and abuse Plaintiff SARECE MITCHELL during her employment with Defendant STARBUCKS CORPORATION because of her gender.  As set forth below, Defendant STARBUCKS CORPORATION knew or should have known of Daniel James ("DJ") Ostrowski's sexual harassment of Plaintiff and the sexually hostile work environment his conduct and comments created, but did nothing to stop it.

15.     Defendant's systematic subjection of Plaintiff to disgusting and degrading sexual harassment, to a sexually hostile work environment, and to retaliation for complaints about the same, was so inappropriate and outrageous that any member of society would take offense.

16.     During her employment with Defendant STARBUCKS CORPORATION, Plaintiff SARECE MITCHELL was subjected to the flagrantly lewd, vulgar, and repulsive sexual behavior, gestures, and comments of her co-worker Daniel James ("DJ") Ostrowski. Throughout Plaintiff's employment, Mr. Ostrowski persistently and repeatedly made lewd and inappropriate sexual gestures and comments on a regular basis.

17.     Because Defendant STARBUCKS CORPORATION does not have a viable complaint mechanism for employees to report sexual harassment and/or discrimination and/or retaliation, because supervisors and managers are discouraged from following up on any complaints concerning the same, because STARBUCKS CORPORATION does not reasonably investigate any reports of sexual harassment and/or discrimination and/or retaliation, and because STARBUCKS CORPORATION does not employ sufficient measures to redress incidents of

4

sexual harassment and/or discrimination and/or retaliation, female employees at STARBUCKS

CORPORATION were and continue to be the victims of sexual harassment, sexually hostile

work environments, gender discrimination, and retaliation.

## PLAINTIFF'S SPECIFIC ALLEGATIONS OF
## GENDER DISCRIMINATION, SEXUAL HARASSMENT,
## A SEXUALLY HOSTILE WORK ENVIRONMENT, AND RETALIATION

18.     Plaintiff repeats and realleges each and every allegation contained in the above

and below paragraphs, with the same force and effect as though more fully set forth at length

herein.

19.     On or about February 27, 2012, Plaintiff SARECE MITCHELL commenced her

employment with Starbucks as a barista.  Plaintiff started as an hourly, part-time employee

earning $8.97 per hour.  During that time, Plaintiff's direct supervisors were Manager Jessica

Farkas and Assistant Store Manager Ross DuPaw.

20.     Throughout her employment at Defendant STARBUCKS CORPORATION,

including her time at the Hanover Park store, Plaintiff SARECE MITCHELL performed her job

satisfactorily and received numerous positive reviews from fellow employees and supervisors

regarding her job performance, including numerous "Green Apron" performance awards.

21.     Because of her job performance, Plaintiff SARECE MITCHELL also received a

pay raise during her tenure at Defendant STARBUCKS CORPORATION and trained several co-

workers, including Kristen  Hoster on barista techniques, Alyssa Haling on bar and cleaning

procedures, and Pierce Tino on bar procedures.

22.     Unfortunately, while working at the Hanover Park store, Plaintiff SARECE

MITCHELL experienced pervasive gender discrimination and a sexually hostile work

environment instigated and perpetuated by her co-worker Daniel James ("DJ") Ostrowski.

5

Throughout Plaintiff's employment, Mr. Ostrowski made lewd and inappropriate sexual gestures and comments on a regular basis. Moreover, Plaintiff SARECE MITCHELL was subjected to retaliation for her complaints concerning the same.

23.     Throughout Plaintiff's employment, Mr. Ostrowski repeatedly spoke at work about his "sexual adventures," often doing so over the headset system. Mr. Ostrowski often bragged about how many times he had sex with different girls. On one occasion at work, Mr. Ostrowski bragged about performing oral sex on a girl using Cool Whip. He joked about how his roommate unknowingly ate the Cool Whip afterward and how it was laced with pubic hair. Plaintiff was disgusted and offended.

24.     Mr. Ostrowski drove a minivan to work and bragged that he had a mattress in the back of the minivan so he was always ready to have sex. He said he would flip the mattress over to keep it clean "from the wet spot." Mr. Ostrowski later purchased a hearse and repeatedly suggested lewdly that he had room for a mattress in the back of the hearse. Plaintiff was disgusted and offended.

25.     On another occasion between approximately February 2012 and March 2013, Plaintiff's female co-worker, Kelsey Hoyle, informed Plaintiff that she witnessed Mr. Ostrowski imitating a sexual gesture at work by using his fingers to emulate digitally stimulating a vagina. He then pretended to smell his fingers. Again, Plaintiff was disgusted and offended.

26.     On another occasion between approximately February 2012 and March 2013, Shift Supervisor Brittany Carter informed Plaintiff that she witnessed Mr. Ostrowski cut the fingers off cleaning gloves, fill the fingers with the store's white mocha syrup to emulate used condoms, and place the syrup-filled glove tips on the store's counter.

27.     Shift Supervisor Brittany Carter also informed Plaintiff that she witnessed Mr. Ostrowski drip the store's raspberry syrup into the garbage can while suggesting this was akin to a woman's menstrual cycle.

28.     During that time, Plaintiff also witnessed Mr. Ostrowski rub his groin on Becky Janssen, another female employee, while in the back room of the Hanover Park store.  While doing so, Mr. Ostrowski said: "I want to . . ." and then lasciviously moaned while rubbing his groin against Becky's groin.

29.     Mr. Ostrowski's repeated inappropriate and lewd comments and behavior had the purpose and effect of substantially and unreasonably interfering with Plaintiff SARECE MITCHELL's performance in the workplace and of creating an intimidating, sexually hostile and offensive working environment.  Mr. Ostrowski's actions were distracting and embarrassing to Plaintiff, and made Plaintiff and other female employees uncomfortable.

30.     In approximately March 2013, Plaintiff SARECE MITCHELL complained to her direct supervisor, Manager Jessica Farkas, about Mr. Ostrowski's sexually lewd and inappropriate behavior.  Plaintiff told Ms. Farkas that Mr. Ostrowski's lewd behavior and comments were making her increasingly uncomfortable and were creating a sexually hostile work environment that affected her work performance.  However, nothing changed.

31.     During the spring of 2013, Plaintiff SARECE MITCHELL subsequently complained at least two more times to Manager Jessica Farkas about Mr. Ostrowski's lewd and inappropriate comments and behavior.  Again, nothing changed.

32.     In approximately late June 2013, Manager Jessica Farkas took maternity leave and was replaced by Manager Ashley Bay.  Despite Plaintiff's numerous complaints, Manager Jessica Farkas had done nothing to redress the sexually hostile work environment created by Mr.

Ostrowski's behavior and comments. Moreover, nothing changed after Manger Ashley Bay took over.

33.     In approximately July 2013, Plaintiff SARECE MITCHELL became very anxious as a consequence of the stressful and hostile work environment at the Hanover Park store. Plaintiff sought medical treatment and was diagnosed with depression and anxiety. Plaintiff was forced to take a short medical leave from work, for which she was not paid.

34.     Plaintiff returned to work at the Hanover Park store on or about August 1, 2013. Mr. Ostrowski's sexually lewd anecdotes, jokes, and behavior continued. In approximately September 2013, Manager Jessica Farkas returned from maternity leave.

35.     On or about September 22, 2013, Plaintiff heard Mr. Ostrowski talking over the headset system about how he had sexual intercourse with his girlfriend three times the previous night. He then gestured to emulate inserting his fingers in his girlfriend's vagina. Mr. Ostrowski then looked directly at Plaintiff, made a lewd face, and smelled his fingers. Plaintiff felt disgusted and humiliated and she walked away quickly.

36.     On or about September 23, 2013, because Manager Jessica Farkas had done nothing to redress Plaintiff's repeated complaints concerning the ongoing sexually hostile work environment, Plaintiff complained to Assistant Store Manager Ross DuPaw about Mr. Ostrowski's conduct and comments. During this conversation, Plaintiff told Mr. DuPaw that Mr. Ostrowski's lewd and inappropriate behavior and comments made her very uncomfortable and anxious. While Assistant Store Manager Ross DuPaw told Plaintiff that he would "check in" on her periodically when she worked with Mr. Ostrowski, he said nothing about disciplining or stopping Mr. Ostrowski's lewd and inappropriate comments and behavior. Indeed, nothing changed.

8

37.     Instead, on or about September 30, 2013, Manager Jessica Farkas confronted Plaintiff about her complaint to Assistant Store Manager Ross DuPaw.  Plaintiff told Ms. Farkas at that time that she wished to speak with her and Mr. DuPaw together about addressing Mr. Ostrowski's behavior and comments.  Plaintiff also told Ms. Farkas about Mr. Ostrowski's vulgar harassment of her on September 22, 2013.  Ms. Farkas responded that she would talk to Mr. Ostrowski.

38.     Approximately one week later, on or about October 6, 2013, Mr. Ostrowski, while staring directly at Plaintiff, emulated masturbating by pumping the store's white mocha sauce into his hands and saying "high school."  Plaintiff's co-worker Joey Portretow was present and witnessed this.

39.     On or about October 7, 2013, Mr. Ostrowski complained at work in Plaintiff's presence that he has no one to "snuggle" and "hug" at night.  In response, Plaintiff suggested he snuggle his cat.  In response, Mr. Ostrowski said his cat's mustache was too long to snuggle with and Plaintiff remarked that he could trim it a little.  In response, Mr. Ostrowski looked directly at Plaintiff and responded lewdly: "I like a shaved pussy!"  Plaintiff was disgusted and offended and walked away.

40.     Throughout Plaintiff's employment, Mr. Ostrowski regularly replied to innocuous statements Plaintiff made with vulgar, sexual innuendos.

41.     Plaintiff also complained about Mr. Ostrowski's lewd and inappropriate behavior to her sister-in-law, Jamie Mitchell, who was a Manager at a different Starbucks store in Illinois. Ms. Jamie Mitchell told Plaintiff that she informed Paul Overly, District Manager for the Hanover Park store, about Mr. Ostrowski's behavior and comments in late September or early October 2013.  Mr. Overly did nothing in response.

9

42.     On or about October 7, 2013, Plaintiff once again complained about Mr. Ostrowski's behavior to Assistant Manager Ross DuPaw. Mr. DuPaw admitted that Manager Jessica Farkas was not including him in handling the situation with Mr. Ostrowski, and instructed Plaintiff to contact Human Resources.

43.     On or about October 8, 2013, Plaintiff contacted Defendant STARBUCKS CORPORATION's "Partner Resources" (Starbucks' Human Resources department) and complained to Partner Resources Representative Jill Holloway about the sexually hostile work environment created by Mr. Ostrowski's lewd and inappropriate comments and behavior.

44.     On or about October 9, 2013, Partner Resources Representative Jill Holloway left Plaintiff a voicemail stating that her complaint had been forwarded to Defendant STARBUCKS CORPORATION's Business Ethics and Compliance Department. Ms. Holloway's voicemail message also stated that Plaintiff would be contacted by a case worker within forty-eight business hours.

45.     On or about October 9, 2013, Plaintiff emailed Paul Overly, District Manager for the Hanover Park store, to inform him that she had filed a sexual harassment charge with Partner Resources. Mr. Overly contacted Plaintiff at home that evening. Rather than expressing concern for Plaintiff's wellbeing, the District Manager testily asked Plaintiff why she had not continued to direct her complaints to Manager Jessica Farkas rather than filing a complaint with Partner Resources. Plaintiff responded by telling Mr. Overly that she had complained to Manager Jessica Farkas numerous times but that Ms. Farkas had taken no action to stop Mr. Ostrowski's lewd and inappropriate comments and behavior. Mr. Overly replied: "She just got back from maternity leave, so let's give her some breathing room." Mr. Overly then told Plaintiff that he would talk to Ms. Farkas about not scheduling Plaintiff with Mr. Ostrowski anymore and that

10

Plaintiff would not be scheduled to work with Mr. Ostrowski unless Manager Jessica Farkas or Assistant Manager Ross DuPaw were physically present in the store.

46.     Despite this conversation with Mr. Overly, Defendant STARBUCKS CORPORATION continued to schedule Plaintiff on the same shifts as Mr. Ostrowski and without Jessica Farkas or Ross DuPaw present.

47.     On or about October 14, 2013, Plaintiff called Defendant STARBUCKS CORPORATION's Partner Resources to obtain the status of her case. Plaintiff was on the phone for approximately an hour, during which time her call was repeatedly transferred back and forth between Partner Resources and Business Ethics. Eventually, Plaintiff was informed that Defendant STARBUCKS CORPORATION had "lost" her complaint.

48.     Thereafter, on or about October 14, 2013, Plaintiff called Defendant STARBUCKS CORPORATION's Partner Resources Representative Jill Holloway and talked with her directly. Ms. Holloway informed Plaintiff that she would investigate the status of Plaintiff's sexual harassment complaint and get back to Plaintiff. However, Ms. Holloway failed to contact Plaintiff.

49.     On or about October 23, 2013, Plaintiff spoke with Naheed Nazim from Defendant STARBUCKS CORPORATION's Business Ethics and Compliance Department about her complaint. Plaintiff gave Ms. Nazim the names of co-workers who witnessed Mr. Ostrowski's lewd and sexually inappropriate behavior and comments. Ms. Nazim informed Plaintiff that an investigation would be opened, that she would obtain relevant videotape from the Hanover Park store, and that she would speak with the witnesses and Mr. Ostrowski.

50.     Approximately one week later, on or about November 1, 2013, Plaintiff left a voicemail for Defendant STARBUCKS CORPORATION's Business Ethics and Compliance

Representative Naheed Nazim inquiring about the status of her sexual harassment complaint. Ms. Nazim did not return Plaintiff's call.

51.     On or about November 3, 2013, Plaintiff was scheduled to work yet another shift with Mr. Ostrowski. Plaintiff complained about this via text message to Assistant Manager Ross DuPaw, who informed Plaintiff that he was no longer employed at Defendant STARBUCKS CORPORATION. Nevertheless, Mr. DuPaw informed Plaintiff that he was with Alex Palcynski, Manager of the West Dundee store, and that Mr. Palcynski, as Manager of the West Dundee store, suggested Plaintiff transfer from Hanover Park to the West Dundee store. Mr. Palcynski said Plaintiff should call him the following week to discuss the details of a transfer.

52.     On or about November 7, 2013, Plaintiff left a voicemail for Defendant STARBUCKS CORPORATION's Business Ethics and Compliance Representative Naheed Nazim inquiring about the status of her sexual harassment complaint and complaining that she had again been scheduled to work with Mr. Ostrowski. On or about November 8, 2013, Ms. Nazim left Plaintiff a voicemail acknowledging that Plaintiff should not be scheduled with Mr. Ostrowski and informing Plaintiff she would follow-up with Jessica Farkas about Plaintiff's schedule.

53.     However, later that week in approximately early November 2013, the next work schedule was released and Plaintiff was again scheduled to work with Mr. Ostrowski on November 10, 2013 and November 11, 2013.

54.     Despite her repeated complaints to her Managers, the District Manager, Defendant STARBUCKS CORPORATION's Partner Resources, and Defendant STARBUCKS CORPORATION's Business Ethics and Compliance Department, Manager Jessica Farkas

continued to schedule Plaintiff to work with Mr. Ostrowski, and Plaintiff continued to experience an intimidating, sexually hostile, and offensive work environment at the Hanover Park store.

55.     On or about November 10, 2013, Mr. Ostrowski left a small Ziploc bag on the pastry cart.  Shift Supervisor Brittany Carter informed Plaintiff that Mr. Ostrowski put the store's white mocha sauce in the bag to emulate semen and that he labeled it "dick gravy."  Plaintiff was repulsed.

56.     Because of Defendant STARBUCKS CORPORATION's failure to do anything to stop this ongoing gender discrimination and sexual harassment, Plaintiff had no choice but to request a transfer to another store.  On or about November 11, 2013, Plaintiff asked to be transferred to the West Dundee store per the advice of Manager Alex Palcynski.

57.     Plaintiff began working at the West Dundee store on or about November 26, 2013.  While working at the West Dundee store, Plaintiff's hours were systematically reduced every week.  Plaintiff was scheduled for twenty-five hours during her first week at the store: Plaintiff needed twenty hours per week to maintain her health insurance benefits.  During the second week at the West Dundee store, Plaintiff was scheduled for only sixteen hours.  Then, during Plaintiff's third and fourth weeks at the store, Plaintiff was only scheduled for five hours each week.

58.     Plaintiff complained to Manager Alex Palcynski about this reduction of hours and the fact that it inhibited her from maintaining health insurance coverage.  Mr. Palcynski claimed that the scheduling was based upon Plaintiff's availability.  This, however, was pretext.  First, at that time, Defendant STARBUCKS CORPORATION had still not resolved Plaintiff's sexual harassment complaint against Mr. Ostrowski.  Second, Plaintiff was ready, willing, and able to work at least twenty hours per week.

59.     The drastic reduction of Plaintiff's work hours was in direct retaliation for Plaintiff's repeated complaints about the gender discrimination and sexually hostile work environment she experienced at Defendant STARBUCKS CORPORATION's Hanover Park store.  Indeed, during the month Plaintiff worked at the West Dundee store, two employees quit, creating a shortage of employees at the store.  Despite this shortage, Plaintiff's hours were severely decreased rather than increased.

60.     As Plaintiff's hours were consistently reduced in retaliation for her complaints about the gender discrimination and sexually hostile work environment she experienced at Defendant STARBUCKS CORPORATION, and because Plaintiff could not maintain health insurance coverage when she was only permitted to work five hours per week, Plaintiff's employment was constructively terminated.

61.     On or about December 27, 2013, Plaintiff was constructively terminated by Defendant STARBUCKS CORPORATION.  Plaintiff's constructive discharge was in direct retaliation for her complaints concerning gender discrimination and a sexually hostile work environment at Defendant STARBUCKS CORPORATION.

62.     Because Defendant STARBUCKS CORPORATION's Supervisors, Managers, and Human Resources Representatives fail to and/or are discouraged from following up on any complaints concerning sexual harassment and/or discrimination and/or retaliation, because Defendant STARBUCKS CORPORATION does not reasonably investigate complaints of sexual harassment, a sexually hostile work environment, discrimination, or retaliation, because Defendant STARBUCKS CORPORATION does not employ sufficient measures to redress incidents of sexual harassment and/or discrimination and/or retaliation, and because Defendant STARBUCKS CORPORATION's Supervisors, Managers and Human Resources

14

Representatives condone rather than condemn the sexually hostile work environment at the Hanover Park store, Starbucks employees, including Plaintiff, were and continue to be the victims of sexual harassment, a sexually hostile work environment, gender discrimination, and retaliation.

63.     As a consequence of the foregoing, Plaintiff has suffered and continues to suffer significant economic loss.  Plaintiff has also suffered and continues to suffer emotional distress, including embarrassment, humiliation, depression, anxiety, headaches, and insomnia.

64.     The facts set forth below are incorporated by reference as if set forth fully herein.

## AS AND FOR A FIRST CAUSE OF ACTION
## TITLE VII – GENDER DISCRIMINATION

65.     Plaintiff repeats and realleges each and every allegation contained in the above and below paragraphs, with the same force and effect as though more fully set forth at length herein.

66.     The aforesaid acts of intentional gender discrimination by Defendant STARBUCKS CORPORATION, its officers, directors, supervisors, managers, agents, and/or employees, violated the rights of Plaintiff SARECE MITCHELL as provided under Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 of the United States Code, Section 2000e-2(a).

67.     As described herein, while employed with Defendant STARBUCKS CORPORATION, Plaintiff was subjected to sexual harassment and gender discrimination on account of her sex and Defendant STARBUCKS CORPORATION through its officers, directors, supervisors, managers, agents, and/or employees, including its Business Ethics and Compliance and Partner Resources employees, knew of this sexual harassment and gender discrimination and took no action to stop it.  The gender discrimination was pervasive and severe

15

and altered the compensation, conditions, terms, and privileges of Plaintiff's employment, and despite Plaintiff's complaints, Defendant failed to take appropriate corrective action to end the sexual harassment and gender discrimination.

68.     As a direct and proximate result of Defendant's ongoing and pervasive gender discrimination while Plaintiff was an employee of Defendant STARBUCKS CORPORATION, Plaintiff sustained conscious pain and suffering, great mental distress, shock, and humiliation.  In addition, Plaintiff has incurred and continues to incur monetary loss as she was subjected to adverse employment actions, including reduction of hours and loss of health insurance, culminating in her constructive discharge.

69.     As a consequence of the Defendant's ongoing and pervasive gender discrimination, Plaintiff SARECE MITCHELL is entitled to compensatory damages and punitive damages in accordance with the statutory damages caps available under Title VII, plus economic damages and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION
## TITLE VII - SEXUAL HARASSMENT

70.     Plaintiff repeats and realleges each and every allegation contained in the above and below paragraphs, with the same force and effect as though more fully set forth at length herein.

71.     As more fully set forth hereinabove, Plaintiff was subjected to gender discrimination, sexual harassment, and a sexually hostile work environment at Defendant STARBUCKS CORPORATION.  Defendant's employee Mr. Ostrowski persistently and repeatedly made lewd and inappropriate sexual gestures and comments at work on a regular basis and his lewd conduct was unwelcome, unconsenting, and harassing.

72.     The lewd and inappropriate sexual gestures, behavior, and comments of Defendant's employee Mr. Ostrowski were severe or pervasive so as to alter the compensation, conditions, and privileges of Plaintiff's employment with Defendant STARBUCKS CORPORATION.

73.     The lewd and inappropriate sexual gestures, behavior, and comments of Defendant's employee Mr. Ostrowski created a sexually hostile work environment for women at Defendant STARBUCKS CORPORATION.

74.     The aforesaid sexually hostile work environment for women, perpetrated by Defendant STARBUCKS CORPORATION, its officers, directors, supervisors, managers, agents, and/or employees, violated the rights of Plaintiff SARECE MITCHELL as provided under Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 of the United States Code, Section 2000e-2(a).

75.     Defendant STARBUCKS CORPORATION through its officers, directors, supervisors, managers, agents, and/or employees, including its Business Ethics and Compliance and Partner Resources employees, knew of this sexually charged hostile work environment and took no action to stop it.

76.     More than thirty days prior to the institution of this lawsuit, Plaintiff filed a charge with the Equal Employment Opportunity Commission alleging violations of Title VII by Defendant STARBUCKS CORPORATION.  All conditions precedent to the institution of this lawsuit have been fulfilled.

77.     As a direct and proximate result of the ongoing and pervasive sexually hostile work environment while Plaintiff was an employee of Defendant STARBUCKS CORPORATION, Plaintiff sustained conscious pain and suffering, great mental distress, shock,

and humiliation. In addition, Plaintiff has incurred and continues to incur monetary loss as she was subjected to adverse employment actions, including reduction of hours and loss of health insurance, culminating in her constructive discharge.

78.     As a direct and proximate result of the foregoing misconduct of Defendant STARBUCKS CORPORATION, Plaintiff SARECE MITCHELL is entitled to compensatory damages and punitive damages in accordance with the statutory damages caps available under Title VII, plus economic damages and attorney's fees.

**AS AND FOR A THIRD CAUSE OF ACTION**
**TITLE VII – SEXUALLY HOSTILE WORK ENVIRONMENT**

79.     Plaintiff repeats and realleges each and every allegation contained in the above and below paragraphs, with the same force and effect as though more fully set forth at length herein.

80.     As more fully set forth hereinabove, Plaintiff was subjected to gender discrimination, sexual harassment, and a sexually hostile work environment at Defendant STARBUCKS CORPORATION. Defendant's employee Mr. Ostrowski persistently and repeatedly made lewd and inappropriate sexual gestures and comments at work on a regular basis and his lewd conduct was unwelcome, unconsenting, and harassing.

81.     The lewd and inappropriate sexual gestures, behavior, and comments of Defendant's employee Mr. Ostrowski were severe or pervasive so as to alter the compensation, conditions, and privileges of Plaintiff's employment with Defendant STARBUCKS CORPORATION.

82.     The lewd and inappropriate sexual gestures, behavior, and comments of Defendant's employee Mr. Ostrowski created a sexually hostile work environment for women at Defendant STARBUCKS CORPORATION.

83.     The aforesaid sexually hostile work environment for women, perpetrated by Defendant STARBUCKS CORPORATION, its officers, directors, supervisors, managers, agents, and/or employees, violated the rights of Plaintiff SARECE MITCHELL as provided under Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 of the United States Code, Section 2000e-2(a).

84.     Defendant STARBUCKS CORPORATION through its officers, directors, supervisors, managers, agents, and/or employees, including its Business Ethics and Compliance and Partner Resources employees, knew of this sexually charged hostile work environment and took no action to stop it.

85.     More than thirty days prior to the institution of this lawsuit, Plaintiff filed a charge with the Equal Employment Opportunity Commission alleging violations of Title VII by Defendant STARBUCKS CORPORATION.  All conditions precedent to the institution of this lawsuit have been fulfilled.

86.     As a direct and proximate result of the ongoing and pervasive sexually hostile work environment while Plaintiff was an employee of Defendant STARBUCKS CORPORATION, Plaintiff sustained conscious pain and suffering, great mental distress, shock, and humiliation.  In addition, Plaintiff has incurred and continues to incur monetary loss as she was subjected to adverse employment actions, including reduction of hours and loss of health insurance, culminating in her constructive discharge.

87.     As a direct and proximate result of the foregoing misconduct of Defendant STARBUCKS CORPORATION, Plaintiff SARECE MITCHELL is entitled to compensatory damages and punitive damages in accordance with the statutory damages caps available under Title VII, plus economic damages and attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
## TITLE VII – RETALIATION

88.     Plaintiff repeats and realleges each and every allegation contained in the above

and below paragraphs, with the same force and effect as though more fully set forth at length

herein.

89.     Plaintiff engaged in statutorily protected activity by reporting the sexual

harassment and gender discrimination to Defendant STARBUCKS CORPORATION and

Plaintiff suffered adverse employment actions in retaliation, despite her satisfactory job

performance, including, but not limited to, reduction of her hours and loss of health insurance,

culminating in Plaintiff's constructive discharge.

90.     The aforesaid acts of intentional retaliation by Defendant STARBUCKS

CORPORATION its officers, directors, supervisors, managers, agents, and/or employees,

including, but not limited to, reduction of hours and loss of health insurance, culminating in

Plaintiff's constructive discharge, violated Plaintiff SARECE MITCHELL's rights as provided

under Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 of the United

States Code, Section 2000e-2(a).

91.     As a direct and proximate result of Defendant's retaliation against Plaintiff during

her employment at Defendant STARBUCKS CORPORATION, Plaintiff SARECE MITCHELL

sustained conscious pain and suffering, great mental distress, shock and humiliation, and has

incurred and continues to incur monetary loss and various adverse employment actions,

culminating in the unlawful termination of her employment.

92.     As a direct and proximate result of the foregoing misconduct of Defendant

STARBUCKS CORPORATION, Plaintiff SARECE MITCHELL is entitled to compensatory

damages and punitive damages in accordance with the statutory damages caps available under Title VII, plus economic damages and attorney's fees.

## AS AND FOR A FIFTH CAUSE OF ACTION
## IHRA – GENDER DISCRIMINATION

93.     Plaintiff repeats and realleges each and every allegation contained in the above and below paragraphs, with the same force and effect as though more fully set forth at length herein.

94.     As more fully set forth hereinabove, Plaintiff was subjected to gender discrimination, sexual harassment, and a sexually hostile work environment at Defendant STARBUCKS CORPORATION.  Defendant's employee Mr. Ostrowski persistently and repeatedly made lewd and inappropriate sexual gestures and comments at work on a regular basis and his lewd conduct was unwelcome, unconsenting, and harassing.  As described above, defendant became aware of the pervasive and ongoing gender discrimination, sexual harassment, and sexually hostile work environment, and failed to take reasonable corrective measures.

95.     The misconduct as described above, perpetrated by Defendant STARBUCKS CORPORATION, its officers, directors, supervisors, managers, agents, and/or employees, had the purpose or effect of substantially interfering with Plaintiff's work performance and of creating an intimidating, hostile and/or offensive work environment for Plaintiff, in violation of the Illinois Human Rights Act, including 775 ILCS 5/2-102.  The misconduct as described above constitutes "sexual harassment" within the meaning of the Illinois Human Rights Act, as set forth in 775 ILCS 5/2-101(E), and the Defendant became aware of the misconduct and failed to take reasonable corrective measures.

96.     As a direct and proximate result of the ongoing and pervasive gender discrimination and sexually hostile work environment while Plaintiff was an employee of

Defendant STARBUCKS CORPORATION, Plaintiff sustained conscious pain and suffering, great mental distress, shock, and humiliation. In addition, Plaintiff has incurred and continues to incur monetary loss as she was subjected to adverse employment actions, including reduction of hours and loss of health insurance, culminating in her constructive discharge.

97.     As a direct and proximate result of the foregoing misconduct of Defendant STARBUCKS CORPORATION, Plaintiff SARECE MITCHELL is entitled to compensatory damages and punitive damages, plus economic damages and attorney's fees.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**IHRA – SEXUAL HARASSMENT**

98.     Plaintiff repeats and realleges each and every allegation contained in the above and below paragraphs, with the same force and effect as though more fully set forth at length herein.

99.     As more fully set forth hereinabove, Plaintiff was subjected to gender discrimination, sexual harassment, and a sexually hostile work environment at Defendant STARBUCKS CORPORATION. Defendant's employee Mr. Ostrowski persistently and repeatedly made lewd and inappropriate sexual gestures and comments at work on a regular basis and his lewd conduct was unwelcome, unconsenting, and harassing. As described above, defendant became aware of the pervasive and ongoing gender discrimination, sexual harassment, and sexually hostile work environment, and failed to take reasonable corrective measures.

100.     The misconduct as described above, perpetrated by Defendant STARBUCKS CORPORATION, its officers, directors, supervisors, managers, agents, and/or employees, had the purpose or effect of substantially interfering with Plaintiff's work performance and of creating an intimidating, hostile and/or offensive work environment for Plaintiff, in violation of the Illinois Human Rights Act, including 775 ILCS 5/2-102. The misconduct as described above

constitutes "sexual harassment" within the meaning of the Illinois Human Rights Act, as set forth in 775 ILCS 5/2-101(E), and the Defendant became aware of the misconduct and failed to take reasonable corrective measures.

101.     As a direct and proximate result of the ongoing and pervasive gender discrimination and sexually hostile work environment while Plaintiff was an employee of Defendant STARBUCKS CORPORATION, Plaintiff sustained conscious pain and suffering, great mental distress, shock, and humiliation.  In addition, Plaintiff has incurred and continues to incur monetary loss as she was subjected to adverse employment actions, including reduction of hours and loss of health insurance, culminating in her constructive discharge.

102.     As a direct and proximate result of the foregoing misconduct of Defendant STARBUCKS CORPORATION, Plaintiff SARECE MITCHELL is entitled to compensatory damages and punitive damages, plus economic damages and attorney's fees.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## IHRA – SEXUALLY HOSTILE WORK ENVIRONMENT

103.     Plaintiff repeats and realleges each and every allegation contained in the above and below paragraphs, with the same force and effect as though more fully set forth at length herein.

104.     As more fully set forth hereinabove, Plaintiff was subjected to gender discrimination, sexual harassment, and a sexually hostile work environment at Defendant STARBUCKS CORPORATION.  Defendant's employee Mr. Ostrowski persistently and repeatedly made lewd and inappropriate sexual gestures and comments at work on a regular basis and his lewd conduct was unwelcome, unconsenting, and harassing.  As described above, defendant became aware of the pervasive and ongoing gender discrimination, sexual harassment, and sexually hostile work environment, and failed to take reasonable corrective measures.

105.    The misconduct as described above, perpetrated by Defendant STARBUCKS CORPORATION, its officers, directors, supervisors, managers, agents, and/or employees, had the purpose or effect of substantially interfering with Plaintiff's work performance and of creating an intimidating, hostile and/or offensive work environment for Plaintiff, in violation of the Illinois Human Rights Act, including 775 ILCS 5/2-102.  The misconduct as described above constitutes "sexual harassment" within the meaning of the Illinois Human Rights Act, as set forth in 775 ILCS 5/2-101(E), and the Defendant became aware of the misconduct and failed to take reasonable corrective measures.

106.    As a direct and proximate result of the ongoing and pervasive gender discrimination and sexually hostile work environment while Plaintiff was an employee of Defendant STARBUCKS CORPORATION, Plaintiff sustained conscious pain and suffering, great mental distress, shock, and humiliation.  In addition, Plaintiff has incurred and continues to incur monetary loss as she was subjected to adverse employment actions, including reduction of hours and loss of health insurance, culminating in her constructive discharge.

107.    As a direct and proximate result of the foregoing misconduct of Defendant STARBUCKS CORPORATION, Plaintiff SARECE MITCHELL is entitled to compensatory damages and punitive damages, plus economic damages and attorney's fees.

<u>**AS AND FOR AN EIGHTH CAUSE OF ACTION**</u>
<u>**IHRA – RETALIATION**</u>

108.    Plaintiff repeats and realleges each and every allegation contained in the above paragraphs, with the same force and effect as though more fully set forth at length herein.

109.    Plaintiff engaged in statutorily protected activity by reporting the sexual harassment and gender discrimination to Defendant STARBUCKS CORPORATION and suffered adverse employment actions in retaliation, despite her satisfactory job performance,

24

including, but not limited to, reduction of her hours and loss of health insurance, culminating in

Plaintiff's constructive discharge.

110.    The aforesaid acts of retaliation by Defendant STARBUCKS CORPORATION

its officers, directors, supervisors, managers, agents, and/or employees, including, but not limited

to, reduction of hours and loss of health insurance, culminating in Plaintiff's constructive

discharge, violated Plaintiff SARECE MITCHELL's rights as provided under the Illinois Human

Rights Act.

111.    As a direct and proximate result of Defendant's retaliation against Plaintiff during

her employment at Defendant STARBUCKS CORPORATION, Plaintiff SARECE MITCHELL

sustained conscious pain and suffering, great mental distress, shock and humiliation, and has

incurred and continues to incur monetary loss and various adverse employment actions,

culminating in the unlawful termination of her employment.

112.    As a direct and proximate result of the foregoing misconduct of Defendant

STARBUCKS CORPORATION, Plaintiff SARECE MITCHELL is entitled to compensatory

damages and punitive damages, plus economic damages and attorney's fees.


**WHEREFORE**, Plaintiff SARECE MITCHELL demands judgment against Defendant

STARBUCKS CORPORATION in the First Cause of Action in accordance with the statutory

damages caps available under Title VII, plus economic damages and attorney's fees; Plaintiff

SARECE MITCHELL demands judgment against Defendant STARBUCKS CORPORATION in

the Second Cause of Action in accordance with the statutory damages caps available under Title

VII, plus economic damages and attorney's fees; Plaintiff SARECE MITCHELL demands

judgment against Defendant STARBUCKS CORPORATION in the Third Cause of Action in

accordance with the statutory damages caps available under Title VII, plus economic damages and attorney's fees; Plaintiff SARECE MITCHELL demands judgment against Defendant STARBUCKS CORPORATION in the Fourth Cause of Action in accordance with the statutory damages caps available under Title VII, plus economic damages and attorney's fees; Plaintiff SARECE MITCHELL demands judgment against Defendant STARBUCKS CORPORATION in the Fifth Cause of Action in accordance with the Illinois Human Rights Act, plus economic damages and attorney's fees; Plaintiff SARECE MITCHELL demands judgment against Defendant STARBUCKS CORPORATION in the Sixth Cause of Action in accordance with the Illinois Human Rights Act, plus economic damages and attorney's fees; Plaintiff SARECE MITCHELL demands judgment against Defendant STARBUCKS CORPORATION in the Seventh Cause of Action in accordance with the Illinois Human Rights Act, plus economic damages and attorney's fees; and Plaintiff SARECE MITCHELL demands judgment against Defendant STARBUCKS CORPORATION in the Eighth Cause of Action in accordance with the Illinois Human Rights Act, plus economic damages and attorney's fees, all together with the costs and disbursements of this action, including attorneys' fees, plus interest, and for any other relief which this Court deems just and proper.

Dated:          June 17, 2015

Respectfully submitted,

*/s Trent B. Miracle*
**SIMMONS HANLY CONROY**
Trent B. Miracle, IL #6281491
One Court Street
Alton, Illinois 62002
Phone: (618) 259-2222
Fax: (618) 259-2251
tmiracle@simmonsfirm.com

*Local Counsel for Plaintiff*

**MORELLI RATNER LAW FIRM LLC**
By: Martha M. McBrayer
777 Third Avenue, 31st Floor
New York, New York 10017
Tel:  (212) 751-9800
Fax:  (212) 751-0046
mmcbrayer@morellilaw.com

**MORELLI RATNER LAW FIRM LLC**
By: Sara A. Strickland
777 Third Avenue, 31st Floor
New York, New York 10017
Tel:  (212) 751-9800
Fax:  (212) 751-0046
sstrickland@morellilaw.com

*Counsel for Plaintiff*